IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EZEKIEL GAMBLE, JR., :
:
      Plaintiff     :
:
vs. :
:
DR. ROWLES, *et al.*, : NO. 5:12-cv-166 (MTT)
:
      Defendants   : **O R D E R**

Plaintiff **EZEKIEL GAMBLE, JR.**, an inmate at Georgia Diagnostic and Classification Prison ("GD&CP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this order to the business manager of GD&CP.

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); **see also Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings

drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II.  BACKGROUND*

Plaintiff is a mental health inmate and alleges he was prescribed Prolixin as an anti-psychotic medication.  He complains about delays in his receipt of the drug and his failure to receive the medication from October 11, 2011, through January 17, 2012. Plaintiff indicates that he has been treated by three physicians, Defendants Doctors Rowles, Bennett, and Zanville, each of whom prescribed the Prolixin.  According to Plaintiff, each of these physicians and his other named Defendants, Warden Carl Humphrey, Mental Health Counselors Malone and Dorsey, and Medical Director

Sharon Lewis, were aware of delays in Plaintiff receiving the medication. Plaintiff does not, however, allege any specific actions or omissions on the part of the Defendants nor does he allege any injury due to the failure or untimeliness of his receipt of the medication. Plaintiff requests solely injunctive relief as follows: to be transferred to a "mental health care facility," to be "allocated" to "in-patient care," and to receive injections as prescribed.

In contrast to his present complaint, Plaintiff previously filed a lawsuit against Doctors Rowles and Zanville, in which Plaintiff complained about being forcibly medicated with an unspecified substance. *Gamble v. Rowles*, 5:11-cv-309 (MTT). On May 9, 2012, the Court dismissed this lawsuit upon Plaintiff's motion.

## III. DISCUSSION

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." To show that a prison official acted with deliberate indifference, a plaintiff must demonstrate: "(1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.* 588 F.3d 1291, 1306-07 (11th Cir. 2009). "Deliberate indifference" has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

For medical treatment to rise to the level of an Eighth Amendment violation, the

care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." **Harris v. Thigpen**, 941 F.2d 1495, 1505 (11th Cir.1991) (citation omitted).  The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law.  *Id; see also Howell v. Evans*, 922 F.2d 712 (11th Cir.), *vacated as moot*, 931 F.2d 711 (1991), *reinstated by unpublished order, sub. nom Howell v. Burden*, 12 F.3d 190, 191 (1994).

Even construing Plaintiff's complaint liberally, the Court finds that Plaintiff has not alleged facts sufficient to constitute deliberate indifference to serious medical needs.  Plaintiff actually received medical treatment, including each of the Defendant doctors prescribing Prolixin.  Plaintiff does not allege that he suffered any health effects as a result of his not receiving the drug as often as Plaintiff believe he should have.  Far from alleging treatment that shocks the conscience necessary for an Eight Amendment claim, Plaintiff's allegations at most support a claim for medical malpractice, which he must bring in state court.

Moreover, even if Plaintiff had stated an Eighth Amendment claim for deliberate indifference to serious medical needs, he would not be entitled to his requested injunctive relief.  Injunctive relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the relief is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the injunction would cause to the non-movant; and (d) the injunction would not be adverse to the public interest.  **Parker v. State Bd. of Pardons & Paroles**, 275 F.3d

1032, 1034-35 (11th Cir. 2001).  An irreparable injury "must be neither remote nor speculative, but actual and imminent." **Siegel v. LePore**, 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).

Plaintiff has not alleged sufficient facts to support his request for injunctive relief under the above standard.  Given the deficiencies in Plaintiff's Eighth Amendment claim, he is unlikely at best to succeed on the merits.  Plaintiff does not allege that he has suffered any injury from the allegedly defective medical treatment, and thus there is no suggestion that injunctive relief is necessary to prevent irreparable injury to Plaintiff.  Any threatened injury to Plaintiff therefore would not appear to outweigh the harm to the administration of the prison system, and this Court's granting the injunction would appear to be adverse to the public interest.  **See e.g., Hamm v. DeKalb County**, 774 F.2d 1567, 1575 (11th Cir. 1985) (**citing Westlake v. Lucas**, 537 F.2d 857, 860n.5 (1st Cir. 1981)) ("Where a prisoner has received ... medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law.").  There is simply no indication that the "extraordinary and drastic remedy" of injunctive relief is warranted in this case.  **See Citizens for Police Accountability Political Comm. v. Browning**, 572 F.3d 1213, 1217 (11th Cir.2009) (citation omitted).

Plaintiff has filed a motion that this Court appoint him a *guardian ad litem* to represent him in this case (Doc. 7).  Rule 17(c)(2) of the Federal Rules of Civil Procedure provides:

> A minor or an incompetent person who does not have a duly
> appointed representative may sue by a next friend or by a

> guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Although Plaintiff states that he is "mentally incompetent" and has been "civilly committed" (notwithstanding his presently serving a criminal sentence), he has not referenced any court order or other verifiable evidence of his incompetency. ***Cf. Ferrelli v. River Manor Health Care Center***, 323 F.3d 196 (2d Cir. 2003) ("Neither ***30.64 Acres [United States v. 30.64 Acres of Land***, 795 F.2d 796 (9th Cir. 1986)*]* nor **Krain [v. Smallwood**, 880 F.2d 1119, 1121 (9th Cir. 1989)*],* supports the proposition that Rule 17(c) requires the district court to determine a pro se litigant's competency simply because the litigant asserts her own incompetence or displays apparent signs of mental incapacity."); ***Showers v. Kerestes***, 2012 WL 1463314 at *2 (W.D. Pa. Apr. 27, 2012) ("In the instant action, while Petitioner makes bald allegations of mental illness, he has failed to submit any verifiable evidence of incompetence to this Court."). Moreover, the instant complaint, including Plaintiff's description therein of his earlier lawsuit, suggests that Plaintiff is competent to manage his affairs, including this lawsuit.

Even if there were verifiable evidence of Plaintiff's incompetency, which might require this Court to conduct an evidentiary hearing and based thereon appoint a *guardian ad litem* for Plaintiff, it would be appropriate for this Court to screen the complaint under section 1915A prior to the Court conducting such hearing. **See Powell v. Symons**, __ F.3d __, 2012 WL 1066740 (3d Cir. Mar. 30, 2012) ("[O]nce the duty of inquiry [into the plaintiff's competency] is satisfied, a court may not weigh the merits of claims *beyond the § 1915A or § 1915(e)(2) screening* if applicable." Emphasis

supplied.).

Plaintiff's motion for appointment of a *guardian ad litem* is accordingly **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile his complaint and, if he is able to assert a colorable claim, move again for appointment of a *guardian ad litem*, supported by verifiable evidence of his incompetency.

**SO ORDERED**, this 8th day of June, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
